IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN W. TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07cv863-MEF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No.

20) addressing the claims presented by the petitioner in his 28 U.S.C. § 2255 motion. In its

response, the government argues, *inter alia*, that the petitioner's claims that (1) his first plea

agreement was enforceable and (2) his second plea was not knowing and voluntary because

of (a) his mental condition, (b) the government's breach of the plea agreement, (c) the

court's imposition of the maximum sentence, and (d) coercion are procedurally barred

because they were either raised and addressed on direct appeal or could have been, but were

not, raised on direct appeal.[1]  *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir.

2000); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994).  In addition, the

---

[1]The petitioner's conviction became final 90 days after the Eleventh Circuit's June 29, 2006, affirmance of his conviction and sentence. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (when defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review).  Thus, his § 2255 motion was timely when filed on September 27, 2007.

government argues that these claims lack merit. The government further argues that athough

the petitioner claims "actual innocence," he offers no proof in this regard. Finally, the

government argues that the claims of ineffective assistance of counsel presented by the

petitioner are without factual support and rest on allegations that fail to establish either

deficient performance or prejudice within the meaning of *Strickland v. Washington*, 466 U.S.

668 (1984).

A procedural default bars consideration of the merits of a claim unless the movant

"can show cause excusing his failure to raise the issues previously and actual prejudice

resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see*

*also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the

petitioner fails to show cause and prejudice, a procedural default will not preclude a federal

court from considering a petitioner's federal constitutional claim where the petitioner is able

to show that the court's failure to address his claim would result in a "fundamental

miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before February 26, 2008, the petitioner may file a reply to the

response filed by the United States. Any documents or evidence filed after this date will not

be considered by the court except upon a showing of exceptional circumstances. At any time

after February 26, 2008, 2007, the court shall "determine whether an evidentiary hearing is

required. If it appears that an evidentiary hearing is not required, the [court] shall make such

disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

The petitioner is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that the petitioner is entitled to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. The petitioner is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 5th day of February, 2008.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

3