IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KEVIN TURNER, *
 *
    PETITIONER, *
 *
VS. *   CASE NO.  1:07cv863-MEF
 *
UNITED STATES OF AMERICA, *
 *
    RESPONDENT. *

### REPLY TO THE GOVERNMENT'S RESPONSE TO THE 28 U.S.C. §2255

    Comes now Kevin Turner, by and through undersigned counsel, and files this his response to the Government's response to his 28 U.S.C. §2255 and in support thereof states the following:

    1. Turner filed a timely 28 U.S.C. §2255. The Government has responded. In support of the §2255, Turner submits a copy of his sworn affidavit (Exhibit 1 to be filed under seal).

    2. In addition to the affidavit, Turner has provided exhibits in support of his position and affidavit. Turner, through counsel, is requesting that the Court consider this affidavit in support of the 28 U.S.C. §2255 and this response.

    3. Turner contends that the Court accepted his plea of guilty on January 6, 2004 and did not reserve the option of rejecting the plea once the presentence report was prepared (Exhibit 2).

    4. Turner presents, pursuant to Federal Rule of Criminal Procedure, 11C(5) a court may reject a plea agreement pursuant to 11C1(c) if it is done on the record in an open court. Turner contends that the apparent rejection of the plea agreement was done outside his presence in a private meeting with counsel for the Government and his own counsel. Turner was simply advised of the Court's rejection by his lawyer subsequent to that March 4, 2004 discussion between the Court, Turner's lawyer, and the Government. In response to the information that the lawyer had been provided, Turner was urged to withdraw his plea. Attorney Parkman did state on the record that Turner wanted to withdraw his plea. Turner submits that no fair and just reason was offered nor did the record speak to exactly what happened. Turner contends that this is, in fact, a violation of the rules and, as such, he should be reinstated with specific performance for the

original plea that he had.

5. Turner relies on his affidavit in support of his ineffective assistance claim as well as the arguments and citations as already contained within his original 28 U.S.C. §2255 motion and memorandum.

Respectfully submitted,

> s/Susan G. James
> SUSAN G. JAMES
> Attorney at Law
> 600 South McDonough Street
> Montgomery, Alabama 36104
> Phone: (334) 269-3330
> Fax: (334) 834-0353
> E-mail: sgjamesandassoc@aol.com
> Bar No: ASB7956J64S

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Susan Redmond
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

Respectfully submitted,

> s/Susan G. James
> SUSAN G. JAMES
> Attorney at Law
> 600 South McDonough Street
> Montgomery, Alabama 36104
> Phone: (334) 269-3330
> Fax: (334) 834-0353
> E-mail: sgjamesandassoc@aol.com
> Bar No: ASB7956J64S

# EXHIBIT 1

# FILED UNDER SEAL

```
Dbtf!2;14.ds.1132:.NFGWQN!!!!!Epdvnfou38!!!!!Gjrhe!2301203114!!!!!Qbhf!2!pg2
```

FILED

DEC - 1 2003

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR. 03-219-S |
| | ) | |
| KEVIN TURNER | ) | |

### REPORT AND RECOMMENDATION
### CONCERNING PLEA OF GUILTY

The defendant, KEVIN TURNER, by consent, has appeared before me pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., and has entered a plea of guilty to Counts 3-7[1] of the Indictment. After cautioning and examining the defendant under oath concerning each of the subjects mentioned in Rule 11, I have determined that the guilty plea was knowing and voluntary, and that the offense charged is supported by an independent basis in fact establishing each of the essential elements of such offense.

Therefore, it is the RECOMMENDATION of the Magistrate Judge that the plea of guilty to Counts 3-7 be accepted and that the defendant be adjudged guilty and have sentence imposed accordingly. I further recommend that, if the plea is accepted and the defendant is adjudicated guilty, all pending deadlines be terminated and that all pending motions be denied as moot.

The parties are informed that failure to file written objections to this Report and Recommendation on or before the Friday following the beginning of the trial term or 13 days after the date of this order, whichever is earlier, shall bar an aggrieved party from attacking such report and recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).

DONE this the _1st_ day of December, 2003.

_____

---

[1] Counts 1 and 2 to be dismissed by the Government at sentencing

27

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
JAN - 6 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CR. NO. 03-219-S |
| | ) |
| KEVIN W. TURNER | ) |

### ACCEPTANCE OF PLEA OF GUILTY AND ADJUDICATION OF GUILT

Pursuant to the Report and Recommendation of the United States Magistrate Judge, to which there has been no timely objection, the plea of guilty of the Defendant to Counts 3-7 of the Indictment is now accepted and the Defendant is ADJUDGED GUILTY of such offenses.

It is ORDERED that all pending deadlines applicable to this defendant be terminated and that all pending motions applicable to this defendant are hereby DENIED as MOOT.

A sentencing date will be set by separate order.

DONE this ___6th___ day of ___January___, 2004.

MARK E. FULLER
UNITED STATES DISTRICT JUDGE

29