IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEVIN W. TURNER, | ) |
| | ) |
| PETITIONER, | ) |
| | ) |
| V. | ) CIVIL ACTION NO: 1:07cv863-MEF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| RESPONDENT. | ) |

## AFFIDAVIT OF JAMES W. PARKMAN, III

STATE OF ALABAMA
COUNTY OF JEFFERSON

Before me, the undersigned authority, personally appeared JAMES W. PARKMAN, III, who is known to me, and who after being first duly sworn according to the law did depose and state as follows:

This affidavit is submitted in response to the allegations of Kevin Turner in Civil Action Number 1:07cv863-MEF. In chronological order, as presented in Petitioner's Affidavit, your affiant would allege the following:

1. There was no five year deal with anyone, only a hope that we would receive a 5K departure for information provided to the government. This information was given by the petitioner, but I am not aware of any Motion for a 5K departure. If such was to be given, then we did expect the sentence to be between 5 and 7 years.

2. The Court did not accept the plea and until that date I had no information that the Court would not accept the plea. The government never balked out of any plea agreement. The Court refused to accept it, for unknown reasons, and we then refused to plead. There was never any

discussion on that date as to the petitioner getting any set period of time. The only reason we withdrew the plea is because the Court was not going to follow the plea agreement and we had no idea where this left us.

3.  As to any juvenile, one only needs to examine the transcript of the detention hearing. We presented the Court with all evidence available.

4.  The petitioner was very much aware of the Pre-Sentence Report and my Objections thereto, along with the cases I cited for support. Read the Sentencing transcript and it will clearly show that I was aware and knew what was "happening at sentencing".

5.  As to Petitioner's "mental competency", when we went to the first sentencing, the petitioner had not been taking his medication and, not only in my opinion, but the Court's opinion, he was not capable mentally of going forward with any hearing. This was discussed in detail with the petitioner, who agreed to postpone the hearing. During the interval the petitioner was given the proper medication, checked and determined to be able to proceed with the hearing. This was not a "miraculous cure" but only getting the proper medication petitioner needed since it was the petitioner himself who voluntarily quit taking the medication because he wanted the jail staff to prescribe another type of medication that he "self diagnosed" he needed.

6.  I did go see Dr. Handel at my request. I was there for not longer that 10 minutes and asked the doctor every single question imaginable, including anything else that the doctor or petitioner wanted to say. The reason for the visit was to find out the petitioner's condition and whether or not there was a cure or way to control his behavior. As expected, there was not.

7.  No one ever coerced the petitioner or told him what to respond to at any hearing.

8.  The petitioner knew exactly how old the victim was.

9.  I not only communicated with the petitioner, but also his wife on all matters relevant

to this proceeding.

10. I did not, and will not, argue that the victim was an equal aggressor. The petitioner and I discussed this at length. He could never understand that a minor is not equal to the wiles and ways of an adult who was nearly forty years old.

11. I did withdraw, but I also made sure a Notice of Appeal was filed to protect the petitioner. What any appellate lawyer for petitioner did or did not do, I am not aware of.

12. The petitioner's wife did work at the firm, but not for me. I was only told she was dismissed by Tom Brantley. I had always been friends with his wife before, during and after any employment. In fact, after the petitioner's case was going on, she wanted me to represent her on a criminal charge and Personnel Board Hearing with the City of Dothan. She was working there as a City Clerk. Her arrest was the result of alleged criminal misconduct on the job involving the dismissal of another person's DUI. If I had any type of personal animosity against her, the I would have taken certain measures against her for which I know.

13. As to Bar Complaints made by the petitioner and family, these were all summarily dismissed, after I correctly and promptly responded to the absurd allegations.

14. Finally, the petitioner mentions that I did not do the work like I did in the Richard Scrushy case. Unfortunately, the two cases are entirely different.

    a. Mr. Scrushy did not secretly video tape an illegal act with a minor without the minor's authorization;

    b. Mr. Scrushy did not place the illegal act on the internet in hopes of coercing the minor.

    c. Mr. Scrushy did not discuss this act with an attorney for the minor and confess the wrongdoing,

        d.    Mr. Scrushy did not have a prior criminal record for the exact same conduct charged,

        e.    Mr. Scrushy did not have numerous illegal pictures stored on his computer,

        f.    Mr. Scrushy did not, during the trial of his case, engage in inappropriate conduct requiring him to be moved to another jail site,

        g.    Mr. Scrushy, during the case, did not put himself in another awkward position by having another minor (teenager) work at his house (just like the victim in this case) and,

        h.    Mr. Scrushy did not make ridiculous allegations like petitioner has made in this matter.

Dated this the 1st day of April, 2008

JAMES W. PARKMAN, III
PARKMAN, ADAMS & WHITE, LLC
505 20TH STREET NORTH
SUITE 825
BIRMINGHAM, AL 35203
(205) 244-1920
(205) 244-1171 FAX

STATE OF ALABAMA
COUNTY OF JEFFERSON

I, the undersigned authority, a Notary Public, in and for the said County and State, hereby certify that JAMES W. PARKMAN, III, whose acknowledged before me this day, that being informed of the contents of this AFFIDAVIT, he executed the same voluntarily on the date the same bears date.

Given under my hand and seal this the 1st day of April, 2008.

Pamela C Skinner
NOTARY PUBLIC
Comm. Exp: 7-3-2010

## CERTIFICATE OF SERVICE

    I hereby certify that I have filed the original of the foregoing Affidavit with the United States District Court Clerk, and have sent a copy to the United States Attorney, P.O. Box 197, Montgomery, AL 36101, Susan G. James, Attorney for Petitioner Kevin Turner, 600 S. McDonough St, Montgomery, AL 36104, by placing a copy of same in the U.S. mail, postage prepaid, properly addressed on this the 1st day of April, 2008.

                                              OF COUNSEL