IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEVIN TURNER, | * | |
| | * | |
| PETITIONER, | * | |
| | * | |
| VS. | * | CASE NO. 1:07cv863-MEF |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| RESPONDENT. | * | |

## SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF 28 U.S.C. §2255

Comes now Kevin Turner, by and through undersigned counsel, and files this his supplemental affidavit in support of his 28 U.S.C. §2255 and, in support thereof, states the following:

1. On September 27, 2007, Turner filed a 28 U.S.C. §2255.

2. On October 11, 2007, the Government responded and also provided the defendant with a copy of an affidavit from former counsel, Jim Parkman.

3. On March 11, 2008, the undersigned responded to the Government's response and attached an affidavit, under seal, prepared by Turner.

4. Counsel, because of the sensitive nature of the affidavit, moved to file the affidavit under seal. This was granted by this Court. Additionally, Counsel advised the Court that it might be necessary for her to withdraw as counsel for Turner because of certain pro se pleadings he has declared that he wants filed. Counsel sought and obtained from the Court an extension of time in which to allow Turner to submit additional documents in support of his 28 U.S.C. §2255.

5. Counsel has received word from Turner that he wishes her to remain as his counsel but wishes that she file an affidavit in place of the affidavit that was filed on March 11, 2008. Turner wrote to Counsel on March 10, 2008 and provided her an affidavit in support of his ineffective assistance claim (Exhibit 1).

6. Turner feels that this affidavit more appropriately outlines his position and asks that the Court consider this affidavit in conjunction with the affidavit that he filed on March 11, 2008.

The piecemeal and pro se efforts on behalf of Turner are making this responsive effort seem a bit unorganized. However, given the graveness of Turner's situation, Counsel is anxious to try to incorporate his pro se efforts and particularly, the message he is trying to convey in this affidavit.

7. Wherefore the undersigned respectfully requests that the Court consider this affidavit in conjunction with that previously filed, the pleadings, the citations to authority, and grant the §2255 relief that he has sought.

8. Additionally, Counsel is in receipt of a new affidavit from James Parkman in response to Turner's March 11, 2008 affidavit. Counsel has forwarded this affidavit to Turner for his review and consideration. Upon receipt of a response from Turner, the undersigned will seek to supplement this §2255 with his response, if any, to Parkman's affidavit. Therefore, an additional 30 days to file any further response is requested.

Respectfully submitted this 11th day of April, 2008.

_____
Susan G. James (ASB7956J64S)

SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 263-4888
E-mail: sgjamesandassoc@aol.com
Bar No: ASB7956J64S

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, I filed the foregoing with the Clerk of Court and mailed by United States mail a copy of such filing to the following:

Susan Redmond
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

_____
Of Counsel

2

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

KEVIN TURNER                              :
    Petitioner,
                                          :

vs.                                       : Civil Action No. <u>1:07cv863-MEF</u>

                                          :

UNITED STATES OF AMERICA                  :
    Respondent.

## AFFIDAVIT OF KEVIN TURNER IN SUPPORT OF MY INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

    I, Kevin Turner, under 28 U.S.C. § 1746 penalty of perjury do hereby depose and say:

1. I am the petitioner in the above entitled cause number. I make this affidavit in support of my claim of Ineffective Assistance of Counsel and to counter Jim Parkman's affidavit of October 11, 2007.

2. In November of 2003, the probation office conducted their pre-sentence investigation interview of me in my home. Counsel opted not to be there. As the probation department presents sentencing factors to the court the PSI is a critical stage. Counsel's failure to be present provided structural error to the process as well as a conflict of interest.

3. On December 1, 2003 the change of plea hearing was held on the first plea agreement, before Magistrate Judge Vanzetta P. McPherson who recommended the plea be accepted and I be adjudged guilty and sentence be imposed accordingly.

4. On December 1, 2003 immediately after the court accepted the plea, <u>DKT. 24</u>, the court filed the plea agreement, <u>DKT. 25</u>.

5. Counsel states the plea agreement allowed for a sentence in the ten year range when the contract plainly shows <u>5 years</u>.

6. On January 6, 2004 the District Court adjudged me guilty to counts 3-7. Plea of guilty was pursuant to the plea agreement ent-

ered by the court on December 1, 2003. Sentencing was set for March 2, 2004.

7. On March 1, 2004 counsel motioned the court to continue sentencing without my knowledge and was granted by the court the same day.

8. On March 2, 2004 I was arrested unexpectantly.

9. On March 4, 2004 a status hearing was held on the issue of release where counsel informed me I would have to withdraw my plea because the judge won't except the plea. The judge granted the motion immediately when offered. <u>There is nowhere in the record stating that the judge rejected the first plea.</u>

10. On March 9, 2004 I was ordered detained. Counsel appealed but never followed through with a memorandum.

11. On May 3, 2004 I was made to enter into a second plea agreement and on May 14, 2004 the pela was verbally entered.

12. On June 7, 2004 the district court once again adjudicated me guilty to counts 3-7 and set sentencing for August 16. Eventually sentencing was postponed indefinitely.

13. On August 26, 2005, more than a year later, I was sentenced to 360 months and 120 months to be served concurrently with 5 years supervised release and $500.00 special assesment fee.

In further support of this affidavit, petitioner offers the following affirmation:

1. After the motion to supress in Novermber 2003, the government offered a plea deal to drop counts 1 & 2 for a guilty plea to counts 3-7 with a sentence of 5 years. Upon advice of counsel I accepted this offer.

2. A Magistrate Judge accepted my guilty plea on December 1, 2003

2

and submitted a report and recommendation to the district court with objections to said report needing to be filed by December 12 2003. **Neither party filed any dispute or opposition** and I was adjudicated guilty by the district court on January 6, 2004.

3. During the March 4, 2004 status hearing on the issue of release, the court inquired about a sentencing disagreement between parties. Both the attorneys then met privately with the judge in his chambers regarding this issue which I believed was highly improper.

    Before counsel retreated to the judges chambers he had told the court he needed some time to review the new laws quoted in the PSR. It is my belief the proper solution at that time was to ask the court for a continuance to review these new aspects of the governments case and how they may affect sentencing, then advise me the more appropriate avenue to take. Instead, counsel intimidated me into agreeing to withdraw the plea, after the 35 minute meeting in the judges chambers. Mr. Parkman told me immediately before withdrawing the plea, that "the judge will not accept the plea and that you have to withdraw your plea."

    In reality it was the government who had second thoughts because of information they received in the PSR. The judge was unaware as the transcript shows before the private sidebar in chambers of the exact sentencing issue. The only way to not proceed on the adjudicated guilty plea where the agreement had already been entered into the record was for me to withdraw. It is my belief through unethical conduct, I was manipulated into withdrawing the binding agreement. The court allowed the withdrawal immediately without making the appropriate Rule 11 required conditions.

4. At the March 9, 2004 hearing on detention, counsel failed to inform the court that the juvenile on my property was an employee. The employee was present in the courtroom to testify but the information was never utilized. Had counsel presented this fact, the proceeding would have carried a different result.

5. Counsel suggests I was mentally competent, that he took measures to make sure I understood the plea, the consequences and the

sentencing. In reality I was so confused that when I asked counsel what just happened after sentencing, my lawyer merely responded, "the judge hates me," causing me further confusion.

Counsel was aware of the mental state I was in and regardless of his personal opinions he should have motioned for a competency hearing to determine my ability to be fully informed and aware.

6. In regards to counsel's interpretation of possible sentences his affidavit clearly states at #5 that,"it was my belief that petitioner Turner would be in the ten year range. This was based on my discussions with the prosecutor, my checking the guidelines and the fact that my investigation revealed that the trial judge had never departed upward in a sentence.

This not only clarifies and makes apparent that I was illad-vised of the consequences of the second plea, it solifies the fact my plea was not knowingly entered.

7. Counsel also states I received no benefit bythe plea and suggests if he had remained as counsel a withdrawal of the second plea would have perhaps been pursued. A plea agreement is civilly contractural in nature and one is hard pressed to believe a party would enter a contract without some favorable outcome in the results. If counsel was unsure of repurcussions by the plea, he should have had the government offer a specific sentence.

8. The only time I was allowed to speak to the court I stated that I did not know the images in question were of a minor. Counsel immediately pulled me back and told me, off the record, I had to answer yea to all the questions.

Had I been given the opportunity to answer the questions truthfully, the court would have refused to accept the guilty plea.

9. Before sentencing, counsel states in his affidavit that he threatened to withdraw because of the "unfounded complaint" to the Bar Association. This further shows of the tactics used to keep me in fear.

4

10. On the one and only downward departure that the court was considering that counsel motioned the court for, he could not give the correct U.S.S.G. or case law to support:

The court: "Which site would you give me to the sentencing guidelines that would support the downward departure?"

Counsel: "your honor, I don't have teh exact cite with me because I didn't anticipate getting into that today."

This is clearly a denial of effective assistance of cousel where defense dose not "anticipate" getting into sentencing issues at sentencing.

11. To comment on communications with counsel, one only needs to point to the facts stated. Counsel agrees Mrs. Turner phoned the Bar Association. That call became necessary after numerous attempts to reach Mr. Parkman at his office were fruitless. Counsel's billing would show he never spoke to me in the entire year before sentencing.

12. Lastly, counsel's comments on actual innocence and the "victim" being an equal aggressor deserves the mention I was never allowed to inform the court of:

"From the beginning, I have setforth my being unaware the "victim" was a minor. I informed counsel why I was under the impression he was indeed an adult. Some examples are: He was a student at Wassace Community College, he consumed alcohol often freqeunting local bars with his mother. He smoked and his father gave him cartons of cigarettes as a christmas gift."

Because of these adult activities, his maybe being a minor of 17 did not even cross my mind. It is my understanding counsel should have considered this a viable defense tothe alleged conduct.

Counsel's last comment in his affidavit seals the impossibility I was aware of the consequences in the second plea deal. He states he would have proceeded to trial had he expected the court to sentence the way it did. "If counsel wasn't aware, neither was I."

Done this the 10th day of March, 2008.

_____
Kevin Turner

Date: 3/10/08

Sworn to and subscribed before me this 10 day of March, 2008.

> Official Seal
> Mary H Mills
> Notary Public State of Illinois
> My Commission Expires 08/20/2011

[SEAL]

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: 8-20-2011