IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KEVIN W. TURNER,                     )
                                     )
            Petitioner,              )
                                     )
      v.                             )          Civil Action No. 1:07cv863-MEF
                                     )                    (WO)
UNITED STATES OF AMERICA,            )
                                     )
            Respondent.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Kevin W. Turner ("Turner") asks the court to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255.  After considering Turner's § 2255 motion, the supporting and

opposing submissions, and the record in this case, the court concludes that an evidentiary

hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255

Proceedings in the United States District Courts*, the motion should be denied.

## I.    PROCEDURAL HISTORY

On September 23, 2003, a federal grand jury returned a seven-count indictment

against Turner, charging him with two counts of sexual exploitation of a child, in violation

of 18 U.S.C. §§ 2251(a) and 2251(c)(1)(A), respectively (Counts 1 and 2); three counts of

distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1), 2252(a)(2), and

2252A(a)(1), respectively (Counts 3 through 5); one count of production of child

pornography, in violation of 18 U.S.C. § 2252A(a)(3) (Count 6); and one count of possession

of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 7).

Turner entered into a plea agreement with the United States, and on May 14, 2004, he appeared before a magistrate judge and pled guilty to Counts 3 through 7 of the indictment.  Sentencing was held on August 26, 2005.  The district court determined that a 5-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(2) was warranted after finding that Turner had distributed child pornography with the intent to receive a thing of value.  In addition, the district court imposed an 8-level upward departure pursuant to U.S.S.G. §§ 5K2.0 and 5K2.8 after finding that Turner's conduct was extreme and outside the "heartland" of cases.  The court sentenced Turner to 360 months in prison for each of Counts 3 through 6 and to 120 months for Count 7, all terms to run concurrently.

Turner appealed to the Eleventh Circuit Court of Appeals, and on June 29, 2006 , that court affirmed his convictions and sentence.[1]  *See United States v. Turner*, 187 Fed.Appx. 927 (11th Cir. 2006) (unpublished).  Turner did not seek certiorari review in the Supreme Court.

On September 10, 2007 (Doc. No. 1), Turner, through counsel, filed this § 2255 motion asserting the following claims:

　　1.　　The original plea agreement should have been enforced, and

_____

[1]On direct appeal, Turner argued that (1) the district court erred in imposing a 5-level enhancement under U.S.S.G. § 2G2.2(b)(2) because the crimes involved distribution of pornography absent pecuniary gain; (2) the district court abused its discretion by upwardly departing by 8 levels under §§ 5K2.0 and 5K2.8; and (3) his sentence was unreasonable pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

Turner's original guilty plea (entered on December 1, 2003) should not have been withdrawn.

2.      Turner's second guilty plea (entered on May 14, 2004) was not knowing and voluntary because (a) his mental capacity was impaired at the time of the plea hearing and at sentencing; (b) the government breached the plea agreement by failing to file a U.S.S.G. § 5K1.1 substantial- assistance motion for a downward departure; (c) his counsel had assured him he would receive a substantially lower sentence than the one actually imposed; and (d) his counsel coerced him into pleading guilty.

3.      Turner was deprived of effective assistance of trial counsel for the following reasons:

a.      Counsel failed to argue for enforcement of the original plea agreement and should not have allowed Turner to withdraw his original guilty plea.

b.      Counsel failed to ensure that the guilty plea Turner entered on May 14, 2004, was knowing and voluntary, when (i) Turner's mental capacity was impaired at the time he entered the plea and at his sentencing hearing; (ii) the government breached the plea agreement by failing to file a § 5K1.1 motion for a downward departure; (iii) counsel had assured Turner he would receive a lower sentence than the one actually imposed; and (iv) counsel "coerced" Turner into pleading guilty.

c.      Counsel failed to adequately prepare for and investigate the case.

d.      Counsel failed to seek a mental evaluation of Turner.

e.      Counsel failed to mitigate the offense conduct at

3

sentencing.

      f.      Counsel failed to argue that a downward departure was not "most likely barred" by the PROTECT Act.

      g.      Counsel failed to cross-examine Probation Officer David Conoly at the sentencing hearing regarding his interview of the victim.

      h.      Counsel failed to seek a variance.

      4.      Turner is actually innocent of the counts of conviction.

The government answers that Turner is not entitled to any relief because his claims are either procedurally barred or meritless. (Doc. No. 20.) Turner was allowed an opportunity to respond to the government's answer and has done so. (Doc. No. 24.)

## II.  DISCUSSION

### A.  Non-Ineffective Assistance Claims

Turner presents substantive claims for relief that (1) the original guilty plea he entered (on December 1, 2003) was enforceable and should not have been withdrawn and (2) his guilty plea of May 14, 2004, was not knowing and voluntary.[2] These claims were not raised on direct appeal. Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d

---

[2] *See Ground One of § 2255 Motion* (Doc. No. 1) at 2; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 16-27. As indicated *supra*, various sub-issues are encompassed by Turner's claim that his guilty plea entered on May 14, 2004, was not knowing and voluntary.

1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A petitioner can avoid this procedural bar by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055. While Turner does not address this cause-and-prejudice standard in his pleadings, he does present various allegations of ineffective assistance of trial counsel where his trial counsel's alleged deficiencies relate to his substantive claims that his original guilty plea was enforceable and should not have been withdrawn and that his later guilty plea was not knowing and voluntary. Accordingly, this court will address Turner's underlying substantive claims in the context of these related allegations of ineffective assistance of counsel. Turner also presents additional, independent claims of ineffective assistance of counsel. All of Turner's claims of ineffective assistance of counsel are reviewed below in this Recommendation. Also reviewed below is Turner's claim that he is actually innocent of the counts of conviction.

**B.    Ineffective Assistance Claims**

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986)

(internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id.* (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id.*

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id.* at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1.   *Failure to Argue That Original Plea Agreement Was Enforceable; Withdrawal of Original Guilty Plea*

Turner contends that his trial counsel rendered ineffective assistance by failing to argue for enforcement of Turner's original plea agreement and by allowing Turner to withdraw his original guilty plea. *See Grounds One & Two of § 2255 Motion* (Doc. No. 1) at 2; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 16-20 & 30.

Turner originally pled guilty on December 1, 2003, pursuant to a plea agreement made under Fed.R.Crim.P. 11(c)(1)(C) whereby the government agreed that a sentence of no more than 5 years' imprisonment was appropriate. The United States Probation Office then prepared a presentence investigation report ("PSI") recommending an extreme upward departure in Turner's sentence. At a March 4, 2004, status hearing regarding, among other matters, sentencing issues, Turner and his counsel were apprised that the range of punishment provided in the plea agreement was not available as an option for the district court to consider, that the district court would not accept the plea agreement, and that Turner would therefore be permitted to withdraw his guilty plea if he so chose. *See Affidavit of James W. Parkman III* (Doc. No. 8) at 3 & 5. After consultation with his counsel, Turner chose to withdraw his guilty plea and was allowed to do so at the hearing. *Id.*; *see Status Hearing* (Doc. No. 20, Gov. Exh. B) at 15-16.

Addressing Turner's claim that he rendered ineffective assistance in this regard, Turner's trial counsel[3] states in an affidavit filed with this court:

> As to the allegation that I should have enforced the plea agreement as to the five years' incarceration[,] [u]nfortunately, it was not the government that rejected the plea agreement but the court, leaving the defendant without an agreement and without any knowledge as to a sentencing range. Once this occurred, I discussed the situation with the Petitioner Turner and it was

---

[3]Attorney James W. Parkman III represented Turner during all proceedings in the trial court, including sentencing. Attorney Susan G. James represented Turner on direct appeal and is his counsel in this § 2255 action. All allegations of ineffective assistance of counsel asserted (through James) in Turner's § 2255 motion concern Parkman's representation of Turner in the trial court proceedings.

Petitioner Turner that insisted we withdraw the plea at this time.  I did concur with the Petitioner Turner's position.  At the time, I clearly felt it was in Petitioner Turner's best interest to withdraw the plea.

*Affidavit of Parkman* (Doc. No. 8) at 5.

The plea agreement that was part of Turner's December 1, 2003, guilty plea was made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Rule 11(c)(3)(A) states that "[t]o the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report."  Rule 11(c)(5) provides that if the court intends to reject a plea agreement made under Rule 11(c)(1)(C), the court must inform the parties "on the record and in open court (or, for good cause, in camera)" that it rejects the plea agreement and allow the defendant an opportunity to withdraw his guilty plea.  *See* Fed.R.Crim.P. 11(c)(5)(A)-(C).

Here, the district court did not expressly state on the record and in open court that it was rejecting the plea agreement, but instead informed Turner's counsel in camera that it would not accept the plea agreement.  *See Status Hearing* (Doc. No. 20, Gov. Exh. B) at 14-15; *Affidavit of Parkman* (Doc. No. 8) at 5.  It is undisputed that Turner's counsel relayed this information to Turner and that Turner then affirmed in open court that he wanted to withdraw his guilty plea.[4]  *Status Hearing* (Doc. No. 20, Gov. Exh. B) at 15-16.  Even allowing that

---

[4]       THE COURT: Mr. Turner, do you understand what your client – or

(continued...)

8

the district court did not adhere to Rule 11(c)(5) by stating on the record and in open court that it would not accept the plea agreement, Turner has not established how he was prejudiced by his counsel's failure to challenge the court's lack of adherence to Rule 11(c)(5). Turner could not compel the court to accept the plea agreement. Once the court rejected the agreement, it was not enforceable.[5] Thus, any failure by counsel to ensure the court's compliance with Rule 11 here worked no prejudice on Turner. Without an agreement in place, Turner was left with no assurances as to the sentence the court might impose. Thus, counsel's advice to Turner that it was in his best interest to withdraw the plea was not unreasonable under the circumstances. As the record shows, Turner affirmed to the court his

---

[4](...continued)
>    what your attorney is representing for you?
>
>    THE DEFENDANT:  Yes, sir.
>
>    THE COURT:  Do you understand that by withdrawing your plea of guilty to the offenses for which you pled guilty in January of this year [sic], that you will now be standing charged with all seven counts as opposed to counts three through seven for which you pled guilty?
>
>    THE DEFENDANT:  Yes, sir.
>
>    THE COURT:  Is it your desire to withdraw your plea of guilty at this time?
>
>    THE DEFENDANT: Yes, it is.

*Status Hearing* (Doc. No. 20, Gov. Exh. B) at 15.

[5]Because the original plea agreement was made under Fed.R.Crim.P. 11(c)(1)(C), the district court could only accept or reject the agreement in its entirety and could not accept only a part of the agreement or otherwise modify its terms. *See, e.g., United States v. Dean*, 80 F.3d 1535, 1539-41 (11th Cir. 1996).

desire to withdraw his guilty plea.  Because Turner fails to show that he was prejudiced by

his counsel's performance in this regard, he is not entitled to any relief based on this claim

of ineffective assistance of counsel.  *See Strickland*, *supra*, 466 U.S. at 687-89.

### 2.   *Failure to Ensure May 14, 2004, Guilty Plea Was Knowing and Voluntary*

Turner argues that his trial counsel was ineffective for failing to ensure that the guilty

plea he entered on May 14, 2004, was knowing and voluntary.[6]  *See Grounds One & Two of*

*§ 2255 Motion* (Doc. No. 1) at 2; *Memorandum of Law in Support of § 2255 Motion* (Doc.

No. 2) at 20-27.  In support of his contention that his guilty plea was not knowing and

voluntary, Turner asserts that (a) his mental capacity was impaired at the time he entered the

plea and at his sentencing hearing; (b) the government breached a provision of the plea

agreement whereby it agreed to file a motion for a downward departure pursuant to U.S.S.G.

5K1.1 in exchange for Turner's substantial assistance in the investigation and prosecution

of other violations of federal child pornography and obscenity laws; (c) his counsel had

assured him he would receive a sentence substantially lower than the one actually imposed;

and (d) his counsel "coerced" him into pleading guilty.  These claims are addressed serially,

below.

### a.   **Impaired Mental Capacity**

---

[6]The plea agreement for Turner's May 14, 2004, guilty plea was pursuant to Fed.R.Crim.P. 11(c)(1)(A).

Turner states that he suffers from a bipolar disorder for which he takes medication and that, as a result of his condition, his mental capacity at the time of his May 14, 2004, plea hearing and his subsequent sentencing hearing was impaired to the extent that he could not enter a knowing and voluntary plea. *See Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 20-21.  The record does not support this claim.

The following exchange between the court and Turner took place during the plea colloquy on May 14, 2004:

THE COURT:  Okay. How old are you?

THE DEFENDANT:  39.

THE COURT:  How far did you go in school?

THE DEFENDANT:  Graduated high school, two years of vocational.

THE COURT:  Have you been treated for any mental illness or addiction to narcotic drugs of any kind?

THE DEFENDANT:  No, ma'am.

THE COURT:  Are you currently under the care of a physician?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  What is the condition you are being treated for?

THE DEFENDANT:  Bipolar disorder.

THE COURT:  You have never been confined to any institution for that condition?

THE DEFENDANT:  No, ma'am.

11

THE COURT:  Are you now receiving counseling or medication or both?

THE DEFENDANT:  When I was out I was receiving both.  Now I am still on medication.

THE COURT:  What medication?

THE DEFENDANT:  Nine hundred milligrams of Lithium a day, 40 milligrams of Prozac, one hundred milligrams of Seroquel.

THE COURT:  What consequences are there to your failure to take your medication?

THE DEFENDANT:  Depression.

THE COURT:  Anything else?  What about your conduct?

THE DEFENDANT:  It would – it could have an effect on my conduct.

THE COURT:  Have you taken that medication as prescribed while you have been confined?

THE DEFENDANT:  Every day.

THE COURT:  And what is the consequence of your taking it?

THE DEFENDANT:  I feel normal.  I can deal with situations as someone can that's not on medication.

THE COURT:  Does taking the medication have any impact on your ability to understand these proceedings?

THE DEFENDANT:  No.

THE COURT:  Has it affected negatively in any way your ability to negotiate this plea agreement?

THE DEFENDANT:  No, ma'am.

THE COURT:  Has it affected your ability to understand your lawyer's representations or to make representations to him or to express your desires to him regarding a plea agreement?

THE DEFENDANT:  No, ma'am.

*May 14, 2004, Change of Plea Hearing* (Doc. No. 20, Gov. Exh. C) at 4-6.

Turner's trial counsel also addresses this claim in his affidavit filed with this court:

As to the allegation that at the second plea the defendant was not mentally competent, such was not the case.  I took measures to make sure Petitioner Turner understood the nature of the plea and the consequences, which included the following:

    a.      In discussions with the Petitioner Turner it was obvious to me that he was well aware of what was happening, both at the plea and sentencing.

    b.      That prior to the sentencing the petitioner sent me several letters which clearly indicate a very clear thought pattern showing competency and clarity.

    c.      Furthermore the petitioner wrote the judge a letter which is clear and concise and which the court received a medical letter from Dr. Cox.

    d.      That I also obtained medical records from the doctor prior to sentencing with a final diagnosis that Petitioner Turner now has "normal behavior."

    e.      That I sent an associate to the jail on August 23, 2005 to talk to the jail personnel and Petitioner Turner.  Again, Petitioner was coherent, aware, and fully understood.

    f.      That I reviewed Petitioner's medical records and went to see his doctor at the Dothan Behavioral Medicine Clinic.  Neither the records nor the doctor indicated any legal insanity or medical condition that would prevent a trial or

13

a plea.

*Affidavit of Parkman* (Doc. No. 8) at 5-6.

Weighing the averments of counsel against the self-serving and unsupported allegations in Turner's § 2255 motion, and considering the record in this case, the court finds that Turner has failed to show that his counsel rendered ineffective assistance by allowing him to enter a guilty plea that was unknowing and involuntary because of his impaired mental capacity. Turner also asserts that his impaired mental capacity prevented him from understanding the sentencing proceedings that took place on August 26, 2005. However, as is the case with his claim regarding the plea hearing, his allegations in this regard are self-serving and unsupported by the record. Therefore, he fails to establish ineffective assistance of counsel with regard to this claim. Absent a showing of deficient performance by counsel or any resulting prejudice, Turner is afforded no basis for relief here. *See Strickland*, 466 U.S. at 687-89.

### b.   Government's Breach of Plea Agreement

Turner contends that the government breached the plea agreement – and thereby rendered his guilty plea unknowing and involuntary – by failing to file a motion for a three-level downward departure pursuant to U.S.S.G. 5K1.1; he then asserts this otherwise defaulted claim as an allegation of ineffective assistance of counsel, arguing that his trial counsel rendered ineffective assistance by failing to raise this issue or to move to withdraw

his plea on the basis of the government's alleged breach.  *See Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 21-26.

The plea agreement contained a provision whereby the government agreed to file the downward-departure motion if Turner provided substantial assistance in the investigation and prosecution of other violations of federal child pornography and obscenity laws.[7]  In its answer to Turner's § 2255 motion, the government states that a downward-departure motion was not filed in Turner's case because Turner never provided substantial assistance to the government.  *See United States' Response to § 2255 Motion* (Doc. No. 20) at 6.  Turner, for his part, presents no evidence that he provided substantial assistance – or any assistance – to the government.  Nor does he demonstrate that the government failed to exercise good faith in its determination that he did not render substantial assistance or that the government's determination in this regard was based on an unconstitutional motive.  *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000).  Under the circumstances, this court concludes that Turner has not demonstrated that the government failed in its responsibilities under the terms of the plea agreement.  Counsel cannot be ineffective for failing to raise an issue that would not succeed.  *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).  Consequently, Turner has not shown that his trial counsel was ineffective for

---

[7]*See Plea Agreement* at 6; *also Sentencing Hearing* (Doc. No. 20, Gov. Exh. D) at 3.

failing to raise this issue.

### c.   Counsel's Assurances Regarding Sentence

Turner asserts that his May 14, 2004, guilty plea was unknowing and involuntary because, in pleading guilty, he relied on his trial counsel's assurances that he would receive a sentence of from 7 1/2 to 10 years. *See Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 26-27.  He contends that because the district court instead imposed the statutory maximum sentence of 360 months, his counsel's advice in this regard constituted ineffective assistance. *Id*.

Addressing this claim in the affidavit he filed with this court, Turner's counsel states:

> As to the argument of "maximum sentence," there is no question that Petitioner Turner received the maximum sentence according to the court's interpretation of the guidelines, but not the maximum he could have received had we gone to trial.  At the time of the second plea, it was my belief that Petitioner Turner would be in the 10 year range.  This was based on my discussions with the prosecutor, my checking the guidelines and the fact that my investigation revealed that the trial court judge had never departed upward in a sentence.  The petitioner is correct that he received no benefit by the plea. Since my withdrawal was immediate, I wonder if subsequent counsel moved to withdraw the plea or press for a 5K1.1 departure.  At no time did I <u>assure</u> Petitioner Turner of the sentence he would receive or that the government would indeed file a 5K1.1 departure.  At no time did I coerce the petitioner into pleading guilty or fail to prepare for this case.

*Affidavit of Parkman* (Doc. No. 8) at 6-7.

The PSI prepared by the Probation Office reflected that the maximum statutory penalty faced by Turner for the counts of conviction was 360 months and that because the

16

sentencing guidelines were advisory, the court could sentence Turner anywhere within the statutory provisions after considering 18 U.S.C. § 3553.[8] Further, prior to entering the guilty plea, Turner had a copy of the plea agreement, which also accurately set forth the statutory limits of punishment faced by Turner.[9] At the May 14, 2004, plea hearing, the magistrate judge ascertained from Turner that he had read and discussed the plea agreement with his counsel before signing it, and that he understood the terms of the plea agreement. *May 14, 2004, Change of Plea Hearing* (Doc. No. 20, Gov. Exh. C) at 6. Turner also affirmed to the court  that he fully understood any differences in the implications for punishment between the present plea agreement and his previous plea agreement. *Id*. at 4. At the original plea hearing, the magistrate judge expressly advised Turner that Counts 3 through 6 to which he was pleading guilty all carried a statutory maximum sentence of 30 years' imprisonment, while Count 7 carried the statutory maximum of 10 years, and Turner affirmed to the magistrate judge that he understood he faced a maximum punishment of 30 years.[10] Turner

---

[8]*See PSI* at 18, ¶¶ 80-81.

[9]*See Plea Agreement* at 2-3.

[10]       THE COURT: Counts three, four, five and six of the indictment carry the same punishment and count seven carries a different one.  But the only difference between the punishment for count seven and the others is that the maximum term of imprisonment for count seven is ten years while maximum term of imprisonment for the other four is 30 years; do you understand that?

       THE DEFENDANT:  Yes, ma'am
    .....

(continued...)

17

pled guilty to these same counts at his May 14, 2004, plea hearing.  Finally, at the latter hearing, Turner also averred to the court that, other than the terms of the plea agreement, no one had made any promises or assurances to him as to what would happen if he pled guilty and that he had not been forced into pleading guilty.  *Id*. at 7 & 10.

The court finds that Turner's assertions in his § 2255 motion regarding his understanding of the sentence he faced are undermined by his own statements to the court during the plea proceedings regarding his understanding of the possible maximum sentence that could be imposed and his affirmations to the court that his guilty plea was not induced by any promises or assurances other than what was contained in the plea agreement. "Solemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true.").  Weighing the assertions in Turner's § 2255 motion against the record evidence, including Turner's declarations at the plea hearing and the averments of his trial counsel in counsel's affidavit, this court concludes that Turner fails to demonstrate that his

---

[10](...continued)
>           THE COURT:  And the Court may sentence you to not more
> than 30 years; do you understand that?
>
>           THE DEFENDANT:  Yes, ma'am.

*December 1, 2003, Change of Plea Hearing* (Doc. No. 20, Gov. Exh. A) at 11-12.

guilty plea was induced by erroneous assurances by his counsel as to the sentence he would receive. Therefore, Turner is not entitled to any relief based on this claim of ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (in context of guilty pleas, petitioner alleging ineffective assistance of counsel must establish errors by counsel, in the absence of which, petitioner would not have pled guilty but would have instead insisted on going to trial).

### d.    "Coercion" by Counsel

Turner claims that his "will was overborne" and that he was "coerced" by his trial counsel into entering the second plea agreement. *See Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 27. In asserting this claim, however, Turner fails to point to specific credible facts demonstrating that his guilty plea was other than knowing and voluntary. As noted above, Turner affirmed to the court at the May 14, 2004, plea hearing that he had read and discussed the plea agreement with his counsel before signing it, and that he understood the terms of the agreement. *See May 14, 2004, Change of Plea Hearing* (Doc. No. 20, Gov. Exh. C) at 6. In addition, Turner advised the court that he was fully satisfied with the representation and advice given to him by his counsel. *Id*. He also averred that, other than the terms of the plea agreement, no one had made any promises or assurances as to what would happen if he pled guilty and that he was not forced into pleading guilty. *Id*. at 7 & 10.

Counsel need only provide a defendant who enters a guilty plea with an understanding

of the law in relation to the facts, so that the accused may make an "'informed and conscious choice.'" *Downs-Morgan v. United States*, 765 F.2d 1534, 1538 (11th Cir. 1985) (citations omitted). "To be entitled to collateral relief, the accused must 'prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act.'" *Id*. at 1539. Turner fails to satisfy this standard and has not shown that he was coerced by counsel into entering the second plea agreement; consequently, he is not entitled to any relief based on this claim of ineffective assistance of counsel.

### 3.   *Failure to Prepare for and Investigate Case*

Turner contends that his trial counsel rendered ineffective assistance by failing to adequately prepare for and investigate his case. *See Ground Two of § 2255 Motion* (Doc. No. 1) at 2; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 30-34. According to Turner, counsel neglected his case because his time and attention were consumed by work on another prominent case, *United States of America v. Richard Scrushy*, Case. No. 2:03cr530-KOP-TMP, Northern District of Alabama. *Id*. Turner maintains that his counsel's preoccupation with the *Scrushy* case prevented him from pursuing mitigating evidence regarding Turner's history of childhood sexual abuse and mental illness as well as evidence suggesting that the victim in the instant case was "prostituting himself" in exchange for money, alcohol, and computer equipment from Turner. *Id*. Turner also asserts that his counsel had little contact with him during the course of his representation; that counsel failed to reply to any of his written correspondence; that counsel's phones "were blocked to the

Evercom Telephone System" when Turner tried to call him while held in the Montgomery County Jail; and that after he was transferred to the Elmore County Jail, his calls to counsel's office "were not accepted." *Id*. According to Turner, his wife ultimately contacted the Alabama State Bar Association to voice concerns about counsel's lack of communication. *Id*.

> Addressing Turner's allegations, his trial counsel states:

> 6. As to the argument that I neglected this case for my work on the <u>Richard Scrushy</u> case in Birmingham, such is not true. That case did not prevent attention to all matters of this case and for carefully examining the evidence and understanding the different aspects of the case, including a common sense approach to the petitioner's decisions.

> 7. As to the allegations of not seeing the client or talking to him. This was untrue because we did communicate with him and his wife. He is correct that his wife did call the State Bar and I did meet with her. I informed her that I was going to withdraw as Kevin Turner's attorney because of the unfounded complaint, but she apologized and asked me to stay on the case. I never had any other complaints during the trial process.

> This is the first I have heard of any blocked communications with any telephone system.

*Affidavit of Parkman* (Doc. No. 8) at 7.

> Elsewhere in his affidavit, counsel avers:

> ... I spent numerous hours talking to Turner's doctors, psychiatrists and counselors as well as going to the jail to try to correct problems of medication and unstable behavior.

> Not only was every tactical decision discussed with my client, but numerous hours [were] spent discussing this with his wife, Mary Leon Turner. Kevin Turner was aware of all evidence and decisions by me[.]

*Affidavit of Parkman* (Doc. No. 8) at 3-4

Turner's allegations do not demonstrate that his counsel failed to adequately prepare for and investigate his case.  More importantly, Turner fails to establish that he was prejudiced by counsel's actions in this regard.  *See Strickland*, 466 U.S. at 687-89. Therefore, he is not entitled to relief based on this claim of ineffective assistance of counsel.

### 4.     *Failure to Seek Mental Evaluation*

Turner contends that his trial counsel rendered ineffective assistance by failing to seek a mental evaluation of him.  *See Ground Two of § 2255 Motion* (Doc. No. 1) at 2; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 46-47.

Addressing this claim, Turner's counsel states:

> As to the argument that I failed to look into Petitioner's medical background, such is not true.  Not only did I obtain his medical and treatment records, but I also went to see Dr. Nelson Handal in person.  These records were also forwarded to the Probation Officer.  At sentencing, I had to be careful to state the true facts about the petitioner's condition.  I did not wait to the last minute to talk to Dr. Handal since the medical record showed that I visited him on December 3, 2003, and made several inquiries about the petitioner's medical and mental situation.  Dr. Handal made it very clear to me that medication and treatment does not prevent Petitioner Turner from seeking out young boys to engage in sex with.  As Dr. Handal noted, Petitioner was convicted of the same acts with juvenile boys in 1995 and Petitioner was supposed to be on medication and treatment when this case occurred with another juvenile male. Even Petitioner's counselor, in a telephone interview, could only confirm that Petitioner is a pedophile and that he would continue.  Such proved to be the case when Petitioner attempted a sexual move on an inmate during the pendency of this case.  While it was brought out that Petitioner did have a bipolar diagnosis, such was not indicative of Petitioner being incompetent or that the bipolar condition caused the sexual actions or that the petitioner could be cured through medication or treatment of his homosexual, juvenile tendencies.

22

*Affidavit of Parkman* (Doc. No. 8) at 7-8.

Once again, Turner's cursory allegations about counsel's failure to seek a mental evaluation of him, and his completely speculative suggestion that additional mental evaluation would have proved beneficial to his case, fail to establish deficient performance by his counsel or any resulting prejudice.  *See Strickland*, 466 U.S. at 687-89.  Therefore, Turner is not entitled to relief based on this claim of ineffective assistance of counsel.

### 5.     *Failure to Mitigate Offense Conduct*

Turner contends that his trial counsel failed to make sufficient efforts to "mitigate the offense conduct at sentencing."  *See Ground Two of § 2255 Motion* (Doc. No. 1) at 2; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 34-42.  In this regard, Turner asserts that his counsel (1) failed to vigorously dispute the facts supporting the charges against him; (2) failed to "expose the victim ... as an equal aggressor" in the underlying incidents; (3) failed to "mention at sentencing that Turner and the victim actually worked together in a computer business," a fact that "would have made the victim seem less vulnerable and been a viable argument in opposition to the 2G2.2 and 5K2.8 enhancements"; (4) failed to make effective arguments against application of the U.S.S.G. §§ 2G.2.2 and 5K2.8 sentence enhancements; (5) failed to adequately argue Turner's past efforts at treatment and to timely and effectively move for a downward departure on this basis; and (6) failed to use Turner's Rule 11 proffer as mitigation.  These alleged bases for mitigation are discussed in turn below.

### a.    Disputing Facts of Charges

Turner makes only the most cursory assertion that his trial counsel failed to vigorously dispute the facts supporting the charges against him.[11] Thus, he fails to plead facts sufficient to demonstrate that his counsel was deficient in this regard and that he was prejudiced by counsel's actions. *Strickland*, 466 U.S. at 687-89.

### b.    Portraying Victim as "Equal Aggressor" and "Less Vulnerable"

With regard to Turner's claims that trial counsel failed to present arguments or evidence portraying the victim as "an equal aggressor" and as "less vulnerable" than he seemed because he worked with Turner in a computer business,[12] counsel states in his affidavit:

> I did not argue that the victim juvenile was an equal aggressor because I did not believe that to be the truth in light of the fact that:
>
> a.    The petitioner was approximately 38 years old at the time of the beginning of these events and the victim was 17 years of age;
>
> b.    That the petitioner has committed these same acts to others and was far wiser;
>
> c.    That the petitioner secretly video taped their sex acts;
>
> d.    That the petitioner then placed these images on the internet as "blackmail" for the victim to continue the relationship, of which this does not have anything to do

---

[11]*See Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 34-35.

[12]*See Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 35 & 38.

with the victim being an aggressor.

*Affidavit of Parkman* (Doc. No. 8) at 8.  Turner presents no persuasive argument or evidence suggesting that counsel could have mitigated his sentence by attempting to paint the victim as an equal aggressor or "less vulnerable" under the facts as they were known.  Thus, his claims provide no basis for a finding of ineffectiveness.

### c.   Effective Arguments Against §§ 2G.2.2 and 5K2.8 Enhancements

Turner contends that his trial counsel rendered ineffective assistance by failing to argue more effectively against application of the U.S.S.G. §§ 2G.2.2 and 5K2.8 sentence enhancements.[13] The district court determined that a 5-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(2) was warranted after finding that Turner had distributed child pornography with the intent to receive a thing of value.  In addition, the district court imposed an 8-level upward departure pursuant to U.S.S.G. § 5K2.8 after finding that Turner's conduct was extreme and outside the "heartland" of cases.  First, the record reflects that Turner's counsel did object at sentencing and argue vigorously against application of the §§ 2G.2.2 and 5K2.8 enhancements in Turner's case.  *See Sentencing Hearing* (Doc. No. 20, Gov. Exh. D) at 10-34.  Furthermore, the same arguments regarding the inapplicability of these enhancements asserted by Turner in his § 2255 motion were presented by Turner on direct appeal, where they were found to be nonmertorious by the Eleventh Circuit.  *See*

---

[13]*See Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 38-42.

*United States v. Turner*, 187 Fed.Appx. 927, 928-30 (11th Cir. 2006) (unpublished). Accordingly, this court concludes that Turner has not shown that his trial counsel's performance in this regard was deficient or that he suffered resulting prejudice with respect to this allegation of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687-89. Therefore, Turner is not entitled to any relief based on this claim.

### d. Past Treatment Efforts as Grounds for Downward Departure

Turner claims that his trial counsel did not adequately present Turner's past efforts at treatment as a basis for a downward departure.[14] Notwithstanding this claim, the record reflects that Turner's counsel did argue at length during the sentencing hearing that the court should consider as grounds for downward departure Turner's troubled and abusive upbringing and his efforts at treatment and rehabilitation for sexual addiction and for sex offenses he had committed. *See Sentencing Hearing* (Doc. No. 20, Gov. Exh. D) at 34-42. After considering these factors, however, the district court denied the request for a downward departure. Against, Turner presents no persuasive argument or evidence that would likely have resulted in the district court's granting of a downward departure. Therefore, he has not shown that his trial counsel was ineffective in this regard.

### e. Rule 11 Proffer as Mitigation.

Turner also asserts that his trial counsel was ineffective because "he did not use the

---

[14]*See Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 35-38.

Rule 11 proffer done by Turner as mitigation."[15]  According to Turner, counsel should have used the proffer "in the face of the government's failure to file a 5K1.8 motion for substantial assistance."  However, there is no evidence in the record of Turner's proffer to the government, or of the contents of any such proffer.  Turner's cursory assertion in this regard is insufficient to demonstrate that counsel was deficient and that he was prejudiced by counsel's actions.  For that reason, he is not entitled to relief based on this claim of ineffective assistance of counsel.

### 6.  *Failure to Argue Downward Departure Not "Most Likely Barred" by PROTECT Act*

Turner claims his trial counsel was ineffective at sentencing for failing to dispute the Probation Officer's statements to the district court indicating that he believed the PROTECT Act[16] probably disallowed Turner's abusive upbringing and efforts at treatment and rehabilitation as grounds for a downward departure.  *See Ground Two of § 2255 Motion* (Doc. No. 1) at 2; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 43-45.  Listing only three acceptable exceptions, § 5K of the PROTECT Act removed most possibilities for downward departures for defendants convicted of sexual offenses relating to children.  *See* Pub.L. No. 108-21.  Turner contends that the PROTECT Act relied on the mandatory nature of the Sentencing Guidelines for effect.  *See Memorandum of Law in*

---

[15]*See Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 38.

[16]The "PROTECT Act" stands for the "Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003."

*Support of § 2255 Motion* (Doc. No. 2) at 44.  However, he argues that after the Supreme Court's January 2005 decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Guidelines advisory, the PROTECT Act was rendered "irrelevant."  *Id.*

While the Probation Officer did opine to the district court that he thought a downward departure on the grounds urged by Turner's trial counsel "may be prohibited by the guidelines and maybe by the Protect Act,"[17] the record does not support the inference that the district court, in denying the requested downward departure, relied on the Probation Officer's stated opinion regarding the applicability of the PROTECT Act or that the district court's refusal to depart on the grounds argued by Turner's counsel was based on the court's misapprehension of the departure provisions or any mistaken belief that the PROTECT Act prevented the court from considering a downward departure in Turner's case.  Nor do the arguments asserted by Turner's counsel at the sentencing hearing suggest that counsel subscribed to the view that the PROTECT Act remained mandatory.   Under the circumstances, this court concludes that Turner has not shown that his trial counsel's performance in this regard was deficient or that he suffered resulting prejudice with respect to this allegation of ineffective assistance of counsel.  *Strickland*, 466 U.S. at 687-89.  Turner is not entitled to any relief based on this claim.

### 7.    *Failure to Cross-Examine Probation Officer Conoly*

Turner contends that his trial counsel was ineffective for failing to cross-examine

---

[17]*See Sentencing Hearing* (Doc. No. 20, Gov. Exh. D) at 41.

Probation Officer David Conoly at the sentencing hearing regarding Conoly's interview of the victim. *See Ground Two of § 2255 Motion* (Doc. No. 1) at 2; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 45-46.   According to Turner, if cross-examination of Conoly had occurred, "the victim would have appeared less vulnerable, and the same would have impacted the 2G2.2 enhancement and 5K2.upward adjustment." *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 45.

In his affidavits filed with this court, Turner's trial counsel presents convincing reasons why attempts to portray the victim as "less vulnerable" or as "an equal aggressor" would not have been supported by the evidence and would have been ill advised. *See, e.g., Affidavit of Parkman* (Doc. No. 8) at 8.   Turner's suggestion that cross-examination of the probation officer who interviewed the victim would have been fruitful for efforts at mitigating Turner's offense is entirely speculative.   Because Turner does not establish the likely value of cross-examining Conoly, he fails to show that his counsel was ineffective in this regard.   The decision as to whether to cross-examine a witness is "a tactical one well within the discretion of a defense attorney." *Messer v. Kemp*, 760 F.2d 1080, 1090 (11th Cir. 1985).   Absent a showing that cross-examination of Conoly was reasonably likely to affect the outcome of the sentencing proceedings, Turner is unable to show prejudice necessary to satisfy the second prong of *Strickland*, 466 U.S. at 687.   Consequently, Turner is not entitled to any relief based on this claim.

**8.      *Failure to Seek Variance***

Tuner contends that his counsel was ineffective for failing to request a variance from the guidelines after the district court concluded its findings denying a downward departure. *See Ground Two of § 2255 Motion* (Doc. No. 1) at 2; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 46. According to Turner, "[b]ased on the mitigation, available, but not used," [counsel] could have and should have made a credible variance argument. If so, the sentence would have been reduced." *Id*.

This court has already rejected each of Turner's claims regarding his trial counsel's alleged deficiencies in making efforts to mitigate the offense conduct at sentencing. Turner's cursory assertion that counsel should have made "a credible variance argument" is, like his other allegations of ineffective assistance, insufficient to demonstrate that counsel was deficient and that he was prejudiced by any of counsel's actions. For that reason, Turner is not entitled to any relief based on this claim.

## C.    Actual Innocence

Turner makes the assertion that he is actually innocent of the offenses of which he was convicted. *See Ground Three of § 2255 Motion* (Doc. No. 1) at 2; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 2) at 47-49. To establish actual innocence, a petitioner must demonstrate that, in light of all the evidence, "'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998), quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In this regard, "actual innocence" has been defined as "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at

623.  The Supreme Court in *Schlup* observed:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare....  To be credible, such a claim requires [a movant] to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

Turner presents no facts, other than his own conclusory statements and argument, to support his claim of actual innocence.  Mere conclusory allegations are insufficient to support a claim of actual innocence.  A review of the record reveals that the evidence was substantial and convincing that Turner was guilty of the charged offenses.  Without any evidence to substantiate Turner's claim of actual innocence, from a factual standpoint, the court finds that Turner has failed to meet his burden of showing that he is actually innocent, i.e., that "no reasonable juror would have convicted him."  *Bousley*, 523 U.S. at 623; *Schlup*, 513 U.S. at 327.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Turner be denied, as the claims therein do not entitle him to any relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 9, 2009.  A party must specifically identify the findings in the Recommendation

to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 27th day of May, 2009.


/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE